# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2010

No. 10-30121
Summary Calendar

Lyle W. Cayce
Clerk

JOHN DOOLITTLE,

Plaintiff-Appellant

v.

SHERMIEKA JARVIS; UNKNOWN LANDRY, Lieutenant; JIMMY SMITH, Warden; UNKNOWN SMITH, Captain; LINDA RAMSEY,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-951

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

John Doolittle, Louisiana prisoner # 109680, moves this court to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint under 42 U.S.C. § 1983. In his complaint, Doolittle asserted claims based on, *inter alia*, the service of tainted prison food and the denial of prescription medication for high blood pressure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed Doolittle's complaint as frivolous. It determined, relying on *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988), that a single incident of unintended food poisoning was not a constitutional violation. The district court also determined that Doolittle had not alleged that he suffered a physical injury as a result of the denial of his blood pressure pills. The district court denied Doolittle leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Doolittle's IFP motion is a challenge to that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Doolittle contends that the district court has not made findings as to whether he was served tainted food and whether there was an interference with his prescribed medication. To the extent that Doolittle is arguing that the district court erred by not making factual findings regarding the defendants' alleged actions in interfering with his medication and serving tainted food, he fails to show that he has a nonfrivolous issue for appeal. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Doolittle does not address the district court's determination that he had not alleged a physical injury from the denial of his prescription medication. *See* 42 U.S.C. § 1997e(e). When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), arguments must be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983). Doolittle has abandoned any challenge to the district court's dismissal of his claim regarding the denial of his prescription medication by failing to brief the issue. *See id.*

As to his claim regarding the service of tainted food, Doolittle reasserts his contention that the defendants acted deliberately in serving the food. "[A] single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional

rights of the affected prisoners." *George*, 837 F.2d at 707. To establish a constitutional violation on a claim of deliberate indifference, a prisoner must establish not only that the defendants acted in an objectively unreasonable manner, but also that they "intended the consequence of those actions." *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000).

In relying on the authority of *George* to dismiss Doolittle's claim regarding the service of tainted food, the district court implicitly determined that Doolittle had merely alleged a single incident of unintended food poisoning. Doolittle has not pointed to any allegation to the effect that prison officials intended to cause harm, nor has he identified a factual allegation regarding any other incident of food poisoning. He has not shown that he has a nonfrivolous issue for appeal in connection with the dismissal of his claim regarding the service of tainted food. *See George*, 837 F.2d at 707.

Doolittle has not demonstrated that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Both the district court's dismissal of the complaint and the dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). Doolittle is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.